42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Robert DEMOS, Jr., Plaintiff-Appellant,
v.
Gary WHEELOCK, Lieutenant, et al. Defendants-Appellees.
 No. 94-35347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 MEMORANDUM[2]
 
 1
 John Robert Demos, Jr., a Washington state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Demos's 42 U.S.C. Sec. 1983 civil rights action. Demos alleged that defendants violated his Fourth Amendment right to be free from unreasonable searches by subjecting him to a digital rectal search. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 Demos contends that the district court erred by granting summary judgment because there is a genuine issue of material fact as to whether defendants Haverman and Paulino subjected him to a digital rectal search. Demos also contends that the remaining defendants either failed to intervene or were involved in a coverup of the alleged search. These contentions lack merit.
 
 
 3
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). Once the moving party has discharged its burden by demonstrating the absence of a genuine issue of material fact, the nonmoving party must "go beyond the pleadings, and by her own affidavits, or by 'depositions, answers to interrogatories, or admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Where a party fails to make a showing sufficient to establish the existence of an essential element to that party's case, summary judgment shall be granted. S ee id. at 322.
 
 
 4
 In his complaint, Demos alleged that Haverman and Paulino subjected him to a digital rectal search after a strip search revealed that he had secreted items of food in his pants. Demos argues that cause was lacking for such an intrusive search and that correctional officers were not the proper officials to conduct such a search.
 
 
 5
 Defendants denied that they performed a digital rectal search. In their moving papers, defendants submitted the affidavits of Correctional Officers Haverman and Paulino who averred that they did not perform a digital rectal search on Demos. Defendants also submitted the affidavit of Jean Bullock, a nurse who examined Demos after the alleged rectal search occurred. Bullock averred that after the alleged incident, Demos's rectum appeared to be normal. Medical records corroborated Bullock's averments.
 
 
 6
 In his opposition, Demos submitted several documents which the magistrate judge correctly construed as declarations. See 28 U.S.C. Sec. 1746. In his order, the magistrate judge found that Demos did not raise a genuine issue of material fact as to whether Haverman and Paulino performed a digital rectal search because he failed to state in his declarations that he was subjected to such a search. We agree. Accordingly, the district court did not err by granting summary judgment for defendants. See Fed.R.Civ.P. 56(e); Celotex Corp., 477 U.S. at 324.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Demos's request for oral argument is denied
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before a magistrate judge
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3